# CHARLESTON.

NEWMAN v. TANNER *et al.*

Submitted October 24, 1916.   Decided October 31, 1916.

EJECTMENT—*Parties—Intervention.*

Where a defendant in an action of ejectment sells the land or a portion thereof, in controversy, after the commencement of the action and before the trial, and the purchaser applies to the court to be made a party defendant to the ejectment suit and shows his interest in the land, the court should allow him to intervene and be made a party defendant and to make defense to the action.

Error to Circuit Court, Roane County.

Action by Robert B. Newman and others against H. L. Tanner and another, and M. L. Simmons applies to be made a party defendant. Judgment for plaintiffs, and Simmons brings error.

*Reversed and remanded.*

*Hogg & Hogg,* for plaintiff in error.

*H. C. Ferguson,* for defendant in error.

MASON, JUDGE:

In December, 1905, Robert B. Newman and others began an action in ejectment in the circuit court of Roane County against H. L. Tanner, French Tanner, and Frank Foster for a tract of land said to contain 350 acres, lying in Roane and Calhoun Counties. This parcel was composed of various tracts, among which there was a tract of 72 acres, a tract of 8 acres, a tract of 25 acres, and a tract of 9 acres situated in Roane County; and the defendants were alleged to be in possession of these tracts, claiming title.

At the January term of said court, 1906, the defendants appeared and pleaded not guilty, and issue was thereon joined. At the April term, 1906, the defendant Frank Foster appeared and disclaimed all interest in or claim to said land or to possession thereof. The suit as to the two Tanners was continued from term to term until the September term, 1915.

On or about the 10th of April, 1909, while the suit was still

pending, the appellant, M. F. Simmons, bought the said eight acre tract from defendant H. L. Tanner, and a deed was made by said Tanner and wife to said Simmons for the said eight acre tract.    The said seventy-two acre tract was returned delinquent for the non-payment of taxes thereon for the year 1905, in the name of French Tanner, and was sold by the sheriff of Roane County in the month of January, 1908, for the taxes due thereon, and the said Simmons became the purchaser thereof.    On the 22nd day of January, 1909, a deed was made by the clerk of the county court of Roane County to the said Simmons for the seventy-two acre tract, and thereupon the said Simmons took possession of the eight acre tract and the seventy-two acre tract.    He claims to be the owner and to have had exclusive and actual possession of both tracts ever since his purchase, and caused himself to be assessed with and taxed on the same, and that he has paid all the taxes thereon since he became the owner.

At the September term, 1915, the said Simmons appeared in the said circuit court and moved the court to permit him to intervene and be made a party defendant to said action, to enable him to plead and do whatever was necessary to protect his interest and establish his title to the said tract of eight acres and seventy-two acres respectively, and in support of his motion filed his affidavit stating his claim of title to the said tracts, and also said two deeds as exhibits.    The court refused to permit Simmons to intervene and become a party defendant to said action.    Thereupon said H. L. Tanner and French Tanner appeared in court, and each of them withdrew his plea of not guilty and entered a disclaimer of all right, title, and interest in and to said tracts of land, except as to the surface of the nine and twenty-five acre parcels of said tract; and the court thereupon entered an order that the plaintiffs recover from the defendants possession of all of said land, subject to said reservations, and a writ of possession was awarded to the plaintiffs.    To the entering of this order M. F. Simmons excepted.    Simmons' affidavit is filed and made part of the record.    He now brings the case to this court on writ of error.    It appears that Simmons made his motions before the disclaimers were filed.

The only question presented for our consideration is whether the circuit court erred in refusing to permit said Simmons to intervene and make himself a party defendant to said action of ejectment and allow him to make defense thereto.

The defendants all disclaimed title to the lands, or right to possession. There was a formal judgment as to the lands in favor of the plaintiffs. This ended the case so far as the defendants or their privies in title were concerned, and as to all parties claiming from, through, or under them by title accruing after the commencement of the suit, except of course as to infants, insane persons, and married women. Secs. 35 and 36, chap. 90 of the Code.

A disclaimer operates as an estoppel by record of the land disclaimed. "Where defendant files an answer disclaiming all right, title, interest and possession in the premises, judgment should be entered on the pleadings in favor of the plaintiff." 15 Cyc. 103.

Then, unless Simmons is allowed to make defense, he must lose the eight acre tract without there ever having been· a trial on the merits. After his interest had attached, his grantor who no longer had any interest in the land, but whose duty it was to protect the title for his grantee and who was in court for that purpose, was permitted to disclaim title and thereby defeat his grantee's right to make defense. This judgment would be conclusive as to the eight acres, but not as to the seventy-two acres, as Simmons did not derive title to the latter tract through the defendants, but from the State independent of the defendants and adverse to them. This would seem to work a hardship and injustice which should not be tolerated, if under our laws it may be prevented. Simmons sought to prevent this by being made a party defendant to the suit, and being permitted to defend his title. This privilege was denied him. Did the circuit court err?

We have a statute which provides that in actions of ejectment, "If a lessee be made defendant without joining his landlord, such landlord may appear and be made defendant with, or in the place of the lessee." Section 5, chapter 90 of the Code. We also have another statute, section 28, chapter 90 of the Code, providing for making a person a party plain-

tiff, in certain cases where there is a change of ownership after the suit is commenced and before trial, in actions of ejectment; but we have no statute authorizing the court to make a party defendant, in an action of ejectment, who has purchased the property in controversy pending the suit. Does the court have this authority in the absence of statute?

The authorities are not uniform on this question. There is good authority for saying that, "One who acquires an interest in property during the pendency of the litigation, and while it is within the operation of the law of lis pendens is bound by, and entitled to the benefit of, any judgment which may be subsequently entered, and if he succeeds to the entire interest of his grantor or assignor, he is usually entitled to be substituted as a party by intervention, and if he wishes control of the suit, he may generally procure it by moving for substitution." Note, 123 Amer. St. Rep. 299. The authorities seem to preponderate to the effect that a purchaser or other person acquiring an interest *pendente lite* is entitled to intervene. Reference is made to this note and the authorities there cited.

We are of opinion that on both authority and principle the appellant should have been permitted to intervene in this case and have been made a party defendant on his motion. While a *pendente lite* purchaser of land involved in an action of ejectment should not be permitted to delay the plaintiff in the prosecution of his action, yet he should be permitted to be made a party that he may see that his interests are protected and to prevent an unfair advantage being taken of him by one managing the defense but no longer having any interest in the result of the suit. True, the purchaser may protect himself by warranty, but he is entitled to have his interests safeguarded in the pending suit.

The judgment of the circuit court will be reversed, and the case will be remanded to the Circuit Court of Roane County for further proceedings to be had therein in accordance with the principles herein stated and otherwise according to law.

*Reversed and remanded.*